Landi Chalco v. Sessions

BIA
Straus, IJ
A205 709 657

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand eighteen.

PRESENT:
       DENNIS JACOBS,
       PETER W. HALL,
       RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*
_____

SERGIO RAMIRO LANDI CHALCO,

            *Petitioner,*

       v.                                         17-66
                                                  NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,

            *Respondent.*
_____

FOR PETITIONER:          Justin Conlon, Hartford, CT.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Paul Fiorino,

Senior Litigation Counsel; Rebekah Nahas, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sergio Ramiro Landi Chalco, a native and citizen of Ecuador, seeks review of a December 9, 2016, decision of the BIA affirming a November 30, 2015, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sergio Ramiro Landi Chalco,* No. A205 709 657 (B.I.A. Dec. 9, 2016), *aff'g* No. A205 709 657 (Immig. Ct. Hartford Nov. 30, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decision of the IJ as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Since Chalco entered (without inspection) in 2003, he failed to timely file his asylum application with one year of his entry. In any event, he would not qualify. The only issue properly before us is

2

whether Landi Chalco satisfied his burden of proof for withholding of removal (asylum) by establishing that the extortion he fears in Ecuador is on account of his membership in a cognizable social group, namely individuals with ties to the United States. We find no error in the agency's conclusion that he did not.

In order to demonstrate eligibility for asylum and withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id*. § 1231(b)(3)(A); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (B.I.A. 2010). To constitute a particular social group, a group must be: "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014).

The agency determined that Chalco's proposed social group is not cognizable because it was not defined with sufficient particularity. The boundaries of the proposed group-- individuals with ties to the United States--are overbroad and

3

narrowed only by a subjectively defined factor that does not "provide a clear benchmark for determining who falls within the group." *Id.* at 239. Indeed, a determination of who has "ties" to the United States involves subjective interpretations rather than objective standards, and thus the boundaries of the proposed group cannot be objectively drawn. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("If 'wealth' defined the boundaries of a particular social group, a determination about whether any petitioner fit into the group (or might be perceived as a member of the group) would necessitate a sociological analysis as to how persons with various assets would have been viewed by others in their country."); *see also Matter of S-E-G-*, 24 I. & N. Dec. 579, 585 (BIA 2008) (finding too amorphous the proposed group of "male children who lack stable families and meaningful adult protection[] [and] who are from middle and low income classes . . . because people's ideas of what those terms mean can vary" (internal quotation marks omitted)). The social group posted by Chalco is (simply) any Ecuadorian who is here.

Moreover, Chalco failed to demonstrate that his proposed group was socially distinct in Ecuadorian society. "To have social distinction, there must be evidence showing that

4

society in general perceives, considers, or recognizes persons sharing the particular characteristic to be a group." *Matter of A-R-C-G-*, 26 I. & N. Dec. 388, 393-94 (B.I.A. 2014) (internal quotation marks omitted). Chalco submitted no evidence that Ecuadorian society views individuals with ties to the United States as a distinct group.

Chalco now argues that the agency erred by failing to introduce evidence of conditions in Ecuador, such as the U.S. State Department's Human Rights Report. We do not reach this issue because, as the Government argues, Chalco failed to exhaust it before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 120-22 (2d Cir. 2007). We note, however, that Chalco has not cited any material passage from the Human Rights Reports.

Because Chalco's proposed social group is not defined with particularity and the record does not include any evidence that the group is socially distinct in Ecuadorian society, Chalco failed to establish that he faces harm on account of his membership in a cognizable social group. *See Ucelo-Gomez*, 509 F.3d at 73; *Matter of M-E-V-G-*, 26 I. & N. Dec. at 237. Accordingly, he did not state a claim for asylum

or withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court